UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AFIYFAH MUHAMMAD, et al.,

                                        Plaintiffs,

                        -against-

ALTO PHARMACY LLC, et al.,

                                        Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/2025

**23-CV-11315 (KHP)**

**OPINION AND ORDER ON
MOTION TO DISMISS
COUNTERCLAIMS**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Before the Court is Plaintiffs' motion to dismiss Alto Pharmacy LLC's ("Alto" or "Alto Pharmacy" or "Defendant") counterclaim for breach of contract/indemnification.  (ECF No. 100)

For the reasons discussed below, the motion is DENIED.

## BACKGROUND

The Court assumes familiarity with the facts and does not repeat them here except as necessary for the instant motion and for context.  Plaintiffs, who delivered medicine to Alto Pharmacy's customers in New York, assert they were misclassified as independent contractors by Alto Pharmacy and not paid overtime wages due.  This Court denied a motion to dismiss in part, finding that Plaintiffs had stated a plausible claim that they were misclassified and not paid overtime wages due.  (ECF No. 54)  The Court also granted Plaintiffs' request to amend their complaint to cure deficiencies in their state law claims under New York's Wage Theft Protection Act for failure to provide accurate wage statements and wage notices.  (ECF No. 62)  Finally, the Court granted Plaintiffs' motion for conditional certification under Section 216(b) of the Fair

Labor Standards Act ("FLSA").  (ECF No. 95)  Since that time, notice went out and well over 100 people filed opt-in notices and joined as opt-in plaintiffs to this action.

Defendants have asserted counterclaims for breach of contract/indemnification against Plaintiffs Muhammad, Wilson, and Skinner based on the independent contractor agreements they were required to sign when they began working for Alto Pharmacy.  The independent contractor agreements provide that Plaintiffs will provide "consulting services" to Alto Pharmacy, although there is no dispute that Plaintiffs delivered medicine to Alto's customers and did not "consult" on anything.  (ECF No. 107)  Section 2.5 of the Agreement states that work to be performed will be performed at an agreed upon rate based on "the value of the project, and not the amount of time the Contractor will spend performing Services for the Company." Section 2.5 further reflects that the Contractor "shall issue invoices" for services, yet, it does not appear from the complaint that this process was followed.[1]  Section 2.6 contemplates that the Contractor is responsible for payment of all taxes on income earned from work with Alto and that the Contractor shall "indemnify the Company" for any damages suffered by Alto as a result of the Contractor's breach of this provision.  Section 3.1 contains a representation by the Contractors that "the Contractor is engaged in the Contractor's own distinct business, separate and apart from the Company."  The agreement contains provisions concerning intellectual property rights that do not appear to be applicable to drivers.  Section 6.0 is a general indemnification provision that states the "Contractor shall indemnify and hold harmless [Alto], its affiliates, and its respective officers, directors, agents, and employees from any and all

---

[1] The Court notes that Plaintiffs were required to log their hours in a system called "When I Work" and had a supervisor who monitored their attendance and performance.  (FAC, at ¶ 72-75)

claims, demands, losses, causes of action, damage, lawsuits, judgments, including attorneys' fees and costs, arising out of, or relating to, the Contractor's services under [the agreement]."

Based on the indemnification provision in Section 6.0, Alto contends that if these Plaintiffs are found to be independent contractors, it is entitled to all costs and expenses, including its attorneys' fees, incurred in defending this action. This assertion is based on a presumed breach of the Contractors' representation in Section 3.1 that Plaintiffs are engaged in their own distinct businesses and their stated intention to be engaged as independent contractors.

In addition to the above-described agreement, Plaintiffs also signed "Business Associate Agreements" in which Plaintiffs were referred to as "Business Associates." The purpose of these agreements was to ensure compliance with federal Health Insurance Portability and Accountability Act of 1996 ("HIPPA").

Plaintiffs Muhammad, Wilson and Skinner have moved to dismiss the counterclaim against them on several grounds. First, they argue that there was no meeting of the minds on all essential terms of the independent contractor agreement (*i.e.* there exists a formation defect in the underlying agreement). Second, they argue that the counterclaims are outside the scope of the indemnification clause because under New York law, courts presume that contract indemnification provisions for legal fees apply only to third-parties to the contract and not to disputes between the contracting parties. Third, plaintiffs argue that the counterclaims, which are under state law, are preempted by the FLSA and that the indemnification provision is contrary to public policy.

**LEGAL STANDARD**

A motion to dismiss a counterclaim for failure to state a claim "is evaluated under the same standard as a motion to dismiss a complaint" under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Radiancy, Inc. v. Viatek Consumer Prods. Grp. Inc.*, 138 F. Supp. 3d 303, 313 (S.D.N.Y. 2014) (quoting *Revonate Mfg., LLC v. Acer Am. Corp.*, No. 12 Civ. 6017 (KBF), 2013 WL 342922, at *2 (S.D.N.Y. Jan. 18, 2013); *Netrix Leasing, LLC v. K.S. Telecom, Inc.,* No. 00 Civ. 3375 (KMW), 2001 WL 228362, at *2 (S.D.N .Y. Mar. 7, 2001). Therefore, the counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As when evaluating a complaint, when evaluating a counterclaim the Court must "tak[e] its factual allegations to be true and draw[ ] all reasonable inferences in ... favor" of the non-moving party. *Syeed v. Bloomberg L.P.*, 58 F.4th 64, 67 (2d Cir. 2023).

**DISCUSSION**

1. **Whether the Counterclaims are Outside the Scope of the Independent Contractor Agreement**

Under New York law, absent clear language to the contrary, courts presume that contract indemnification provisions for legal fees apply only to third-parties to the contract, and not to actions between the contracting parties. *Fernandez v. Kinray, Inc.,* No. 13 Civ. 4938 (ARR) (SMG), 2014 WL 12778829, at *3 (E.D.N.Y. Feb. 5, 2014) ("[W]hen a contract requires one party to indemnify the other party for legal fees, courts presume that the provision only applies to the cost of litigation with third-parties and not to the cost of litigation between the parties themselves, absent clear evidence to the contrary.") (citing *Bank of N.Y. Trust Co., N.A. v. Franklin Advisers, Inc.*, 726 F.3d 269, 283 (2d Cir. 2013); *Scott-Macon Secs., Inc. v. Zoltek Cos.,*

*Inc.*, No. 06-2711, 2007 WL 2914873, at *6 (2d Cir. Oct. 4, 2007) (slip copy) (reversing the grant of attorneys' fees because the wording of the indemnification provision did not make it "unmistakably clear" that it extended to disputes between the contracting parties themselves). The reasoning undergirding this presumption is the public policy that each party is responsible for payment of its own attorneys' fees. *Bank of N.Y. Trust Co.*, 726 F.3d, at 283; *Hooper Assocs. V. AGS Computers*, Inc., 548 N.E.2d 903, 905 (N.Y. 1989); *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003).  Consequently, indemnification provisions must be construed narrowly.  *Gibbs-Alfano v. Burton*, 281 F.3d 12, 19 (2d Cir. 2002) ("When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed.") (quoting *Hooper Assocs.*, 548 N.E.2d, at 905).  This means that the contract language must be "unmistakably clear" that the parties intended the indemnification provision to apply to disputes between the parties themselves in order for such a counterclaim to be viable.  *Oscar Gruss*, 337 F.3d, at 199; *Hooper Assocs.*, 548 N.E.2d, at 905.

In this case, the contract language does not satisfy this high threshold.  It does not clearly apply to disputes between the parties about breach of their obligations to each other. Moreover, it is clear that the parties knew how to draft such a clear provision.  In particular, Section 2.6 expressly contemplates that the Plaintiffs would indemnify Alto for the Plaintiffs' breach of section 2.6.  The parties could have mirrored that indemnification provision with respect to Section 3.1, but they did not.  Additionally, Section 6.0 provides for indemnification for costs and fees "arising out of, or relating to, the Contractor's services" under the agreement, however the filing of this lawsuit is unrelated to the services provided under the agreement.

*See Fernandez*, 2014 WL 12778829, at *3; *see also Scott-Macon*, 2007 WL 2914873, at *6;

*Coastal Power Int'l, Ltd. v. Transcon. Capital Corp.*, 182 F.3d 163, 165 (2d Cir. 1999) (affirming

district court's rejection of indemnity claim where agreement "does not clearly state the parties

intended the loser in a suit for breach of the agreement to pay the winner's attorneys' fees");

*cf*. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 178-79 (2d

Cir. 2005) (where parties included indemnity provision limited to certain third-party actions and

then added a second indemnity provision without limiting language, parties made it

unassailably clear that second provision applied to actions between the parties); *DLJ Mortg.*

*Capital, Inc. v. Act Lending Corp.*, No. 07 Civ. 10318 (JFK) (THK), 2008 WL 5517589, at *7

(S.D.N.Y. Dec. 1, 2008) (contract language requiring defendant to indemnify plaintiff for legal

fees "incurred as a result of any default" under the agreement "unmistakably" required

defendant to indemnify plaintiff for legal costs in a default action).[2]

     Alto's attempt to distinguish the *Fernandez* case, cited earlier, is unpersuasive.  All Alto

says is that in *Fernandez* the counterclaim did not plausibly allege any breach of the

independent contractor agreement or offer facts supporting an inference that the action arose

from the plaintiffs' performance under the contract.  Whereas in this case, Alto argues that it

has made specific allegations about breach of the agreement.  But this distinction does not go

---

[2] Courts outside of the Second Circuit have reached similar holdings.  *See Yaw Adu Poku v. Beavex, Inc.*, Civil Action No. 13-3327 (SRC), 2013 WL 5937414, at *1 (D.N.J. Nov. 1, 2013) ("This is not litigation over something that Plaintiffs made happen by their actions in performing courier work. . . . The allegedly illegal conduct of Defendant in paying Plaintiffs cannot reasonably be understood to fall within the scope of the alleged indemnification provision, as it arises from Defendant's performance, not Plaintiffs'."); *Casias v. Distribution Mgmt. Corp., Inc.*, No. 11 Civ. 874 (MV) (RHS), 2012 WL 4511376, at *5 (D.N.M. Sept. 28, 2012) ("The only loss that Defendant alleges in the Amended Counterclaim is loss arising out of Plaintiffs' lawsuit seeking damages based upon Defendant's wrongful conduct. This type of loss is not covered by the plain language of the Agreements' indemnification provisions."); *Phelps v. 3PD, Inc.,* No. 08 Civ. 387 (HU), 2008 WL 4911909, at *2 (D. Or. Nov. 12, 2008) (finding that "Defendant's allegedly improper classification of Plaintiffs as independent contractors rather than employees" did not fall within the contract's indemnity provision)

to the critical issue – whether the indemnification provision *itself* clearly and unmistakably provides for payment the other party's attorneys' fees in a suit between the parties.  Said another way, the analysis is based on the contract language, not the allegations of breach in the counterclaim.

### 2.  Plaintiff's Other Arguments for Dismissal

Plaintiff also argues for dismissal of the counterclaim as being against public policy and preempted by the FLSA.  *See Provencher v. Bimbo Bakeries USA, Inc.*, 705 F. Supp. 3d 238, 253 (D. Vt. 2023) ("FLSA's remedial scheme and accompanying regulations are sufficiently detailed to evince a Congressional intent to preempt common law remedies stemming from the same violation when those remedies are sought to reduce FLSA liability.")  In reaching its decision, the court expanded upon the rationale in *Herman v. RSR Sec. Services Ltd*., 172 F.3d 132, 143-44 (2d Cir. 1999), a case in which the Second Circuit held that an employer may not pursue indemnity or contribution claims against supervisory personnel who qualify as "employers" within the meaning of the FLSA because it would be contrary to policy undergirding the FLSA. *See also Flores v. Mamma Lombardis of Holbrook, Inc.*, 942 F. Supp.2d 274 (E.D.N.Y. 2013) (holding that an employer cannot seek indemnification or contribution from supervisory employees who meet the definition of "employer" under the FLSA and NYLL); *Fernandez,* 2014 WL 12778829, at *2 (dismissing counterclaim for indemnification under independent contractor agreement against individual suing for non-payment of wages and noting that the decision is consistent with "principles of New York contract law," "persuasive cases from other jurisdictions," and that a contrary interpretation of such an indemnification provision would contravene the remedial purposes of the FLSA and NYLL).

However, this Court need not reach this issue or Plaintiff's other argument that there was no meeting of the minds on the independent contractor agreement.  Indeed, based on plain language of the agreement (as it must be interpreted under New York law), Alto's counterclaim must be dismissed for failure to include language that makes it unmistakably clear that the indemnity provision was to apply to disputes amongst the contracting parties.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to dismiss the counterclaim is GRANTED.  Because the defect in the counterclaim cannot be cured based on the language of the agreement, it is dismissed with prejudice.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 100.**

**SO ORDERED.**

Dated: December 11, 2025
      New York, New York

_Katharine H Parker_
_____
KATHARINE H. PARKER
United States Magistrate Judge