```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/16/2026
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

AFIYFAH MUHAMMAD, et al.,

                                Plaintiffs,

                    -against-

ALTO PHARMACY LLC, et al.,

                              Defendant.
---------------------------------------------------------------X

**23-CV-11315 (KHP)**

**OPINION AND ORDER ON**
**MOTION TO WITHDRAW**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is a motion filed by Fred V. Charles ("Petitioner"), co-counsel of record for Afiyfah Muhammad, Darwin Wilson and Dominique Skinner and opt-in plaintiffs (collectively "Plaintiffs"), to withdraw as counsel. (ECF No. 293) The Petitioner has represented he does seek a charging or retaining lien. (ECF No. 293-1, at ¶ 9) For the reasons stated below, the motion to withdraw as counsel is GRANTED.

## BACKGROUND

This wage and hour lawsuit was commenced by Plaintiffs, who delivered medicine to Alto Pharmacy's customers in New York and contend they were improperly classified as independent contractors and due unpaid wages and other damages from Alto. This court granted a motion for conditional certification, conditionally certifying this as a collective action under Section 216(b) of the Fair Labor Standards Act, and approximately 150 individuals have opted into this action as plaintiffs. (ECF No. 95).

## LEGAL STANDARD

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

1

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.

The decision to grant or deny a motion to withdraw is within the district court's discretion.  In making the determination, the Court should consider (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding.  *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4).  I consider both factors below, and also address the issue of any claim to attorney's fees and costs that the Firm may make.

**ANALYSIS**

**1.  Reasons for Withdrawal**

Petitioner submitted a declaration alongside the instant motion ("Charles Decl.") averring that the reason for his withdrawal "is a breakdown in communications among counsel that may negatively affect client representation." (Charles Decl., at ¶ 6)  Irreconcilable differences or a breakdown of communications may be a basis to allow an attorney to withdraw.  *Farmer v. Hyde Your Eyes Optical, Inc.,* 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) ("Courts have held that satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.") (quoting *Naguib v. Pub. Health Solutions,* No. 12 Civ. 2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014)).

Petitioner also states that Plaintiffs will continue to be represented by remaining counsel of record for Plaintiffs, Kevin Mahoney and Tyrone Blackburn.  Neither Plaintiffs nor Defendant have filed an opposition to the motion to withdraw or have disputed this characterization by Mr. Charles.  Accordingly, grounds for withdrawal have been adequately shown.

**2.  Impact of Withdrawal on the Case**

There is a contemplated motion for class certification due in February 2026, and discovery in this matter is at a relatively late stage as it is slated to be complete by April 2026. Depositions in this action were also completed by January 11, 2026.  Notwithstanding that this action is at a relatively late stage, withdrawal will likely not significantly impact the case considering that other counsel for Plaintiffs will continue their representation.  *Brown v. Nat'l Survival Games, Inc.*, No. 91 Civ. 221 (HGM), 1994 WL 660533, at *3 (S.D.N.Y. Nov. 18, 1994)  ("The court must ensure ... that the prosecution of the suit is not disrupted by the withdrawal of counsel.")  In other words, Mr. Charles' withdrawal will not leave Plaintiffs unrepresented at a critical stage.  *See Tr. of New York City Dist. Council of Carpenters Pension Fund v. NYC Flooring L.L.C.,* No. 19 Civ. 6441 (LJL), 2020 WL 7016449, at *1 (S.D.N.Y. Oct. 7, 2020).

**3.  Compliance with Local Rule 1.4**

In addition to the instant motion, Mr. Charles has filed a declaration that complies with the requirements of Local Rule 1.4. He states that he does intend to assert a charging lien for all funds that may be obtained by judgment, settlement, arbitration or mediation in this action, as previously agreed to among Plaintiffs' counsel.  Finally, Mr. Charles has also represented that

Plaintiffs have been made aware of the filing of this motion through his docketing and all counsel of record has been notified via personal service.  He has provided the Court with an affidavit of service of the motion.  (ECF No. 293-2)  Therefore, he has satisfied all of the procedural requirements of the local rule.

**CONCLUSION**

For the reasons stated above, Mr. Charles' motion to withdraw as counsel of record for Plaintiffs is GRANTED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 293.**

**SO ORDERED.**

DATED:        New York, New York
              January 16, 2026

KATHARINE H. PARKER
United States Magistrate Judge

4