**JacksonLewis**

Jackson Lewis P.C.
666 Third Avenue
New York NY 10017-4030
(212) 545-4048 Direct
(212) 972-3213 Fax
Erik.Mass@jacksonlewis.com

February 13, 2026

**VIA ECF**
Hon. Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 750
New York, NY 10007

        Re:     *Muhammad et al. v. Alto Pharmacy, LLC,* Case 1:23-cv-11315

Dear Judge Parker:

    We write on behalf of Defendant Alto Pharmacy, LLC ("Alto" or "Defendant") to provide an update on outstanding discovery issues pursuant to the Court's order dated January 7, 2026 [Dkt. 290]. On November 18, 2025, Defendant served Plaintiffs with correspondence outlining certain discovery deficiencies ("Deficiency Letter"), which were discussed at the January 6, 2026 Case Management Conference. On February 5, 2026, Plaintiffs' counsel advised that Plaintiffs intend to remedy those deficiencies on or before February 16, 2026, with one exception discussed below.

    Specifically, Plaintiffs continue to object to producing tax returns and other documents reflecting Plaintiffs' and opt-in Plaintiffs' income sources, and claim these documents are not relevant to the claims and defenses in this matter. Plaintiffs are incorrect. As explained in the Deficiency Letter, in the Second Circuit, whether individuals classify themselves as independent contractors on their tax returns, and whether they seek tax benefits associated with independent contractor classification, is relevant to the independent contractor analysis under the FLSA, *see e.g., Saleem v. Corp. Transp. Group., Ltd.,* 52 F. Supp. 3d 526, 540 (S.D.N.Y. 2014) (recognizing that "while not dispositive of the inquiry, the fact that Plaintiffs classified themselves as independent contractors on their tax returns and took business deductions certainly weighs in favor of independent contractor status"), *aff'd* 854 F.3d 131 (2d Cir. 2017); *Cox v. German Kitchen Center LLC,* 17 Civ. 6081, 2023 U.S. Dist. LEXIS 222430, at *26 (S.D.N.Y. Dec. 12, 2023), and the New York Labor Law. *See e.g., Browning v. CEVA Freight, LLC,* 885 F. Supp. 2d 590, 598 (E.D.N.Y. 2012) ("tak[ing] into serious consideration" that "the Plaintiffs all took significant tax benefits associated with their independent contractor status in connection with [defendant]" and finding that "[t]his tax factor further weighs heavily in favor of independent contractor status"); *Deboissiere v. Am. Modification Agency,* 09-CV-2316, 2010 U.S. Dist. LEXIS 113776, at **8-9 (E.D.N.Y. Oct. 22, 2010) (recognizing that, "though not quite rising to the level of estoppel, if a plaintiff signs a tax return 'under penalty of perjury' that declares independent contractor status and seeks 'numerous deductions for business purposes associated with independent contractor status . . .' such a tax return may significantly imped the plaintiff's ability to claim employee status for the purpose of filing an overtime or minimum wage claim") (citation omitted). In addition,

**JacksonLewis**

where, as here, Plaintiffs allege that that they and the opt-in Plaintiffs were not adequately compensated for all hours allegedly "worked" for Alto, and that Alto did not accurately record all such hours, Defendant is entitled to discovery to test such allegations.

Plaintiffs, however, have not produced their respective tax returns or provided an executed IRS Form 4506 for any of the years within the applicable limitations period(s) for which they seek relief in this action. These documents relate directly to Plaintiffs' (i) central allegation that each was misclassified and (ii) claimed hours "worked," and are also responsive to Request Nos. 19, 22, 23, and 26 of Defendant's First Requests to for the Production of Documents dated July 22, 2024. The opt-in plaintiffs each must also provide these documents, as requested in Request No. 1 of Defendant's First Requests for Production of Documents to Opt-in Plaintiffs dated November 3, 2025. *See Fernandez et al. v. Kinray, Inc., et al.,* CV-13-4938, ECF No. 210 (E.D.N.Y. Oct. 29, 2014) (ordering production of tax returns by all 141 FLSA plaintiffs alleging misclassification).

Defendant intends to raise this outstanding discovery issue, as well as any remaining deficiencies following Plaintiffs' anticipated February 16, 2026 supplementation, during the February 20, 2026 Case Management Conference.

Respectfully submitted,

JACKSON LEWIS, P.C.

_____

Erik Mass
Noel P. Tripp

cc:   All counsel of record (*via* ECF)

4913-7816-7435, v. 1