# JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue, 28th Floor
New York NY  10017-4030
(212) 545-4000 Main
(212) 972-3213 Fax
jacksonlewis.com

MY DIRECT DIAL IS: (212) -545-4048
MY EMAIL ADDRESS IS:  ERIK.MASS@JACKSONLEWIS.COM

March 20, 2026

**VIA ECF**
Hon. Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 750
New York, NY 10007

Re:    *Muhammad et al. v. Alto Pharmacy, LLC,*
Case No. 1:23-cv-11315

Dear Judge Parker:

As counsel for Defendant Alto Pharmacy LLC ("Alto"), we write pursuant to the Court's Post-Conference Order dated February 20, 2026 (Dkt. No. 309) and in opposition to Plaintiffs' Letter Motion for Order Compelling Third-Party Production by When I Work, Inc. and Directing Defendant Alto Pharmacy LLC to Produce Class wide Discovery and Preserve Electronically Stored Information (Dkt. No. 313) ("Letter Motion").

For the reasons discussed below, the Letter Motion is both procedurally and substantively deficient, violates Your Honor's Individual Practices in Civil Cases and Local Rule 37.2, contradicts Plaintiffs' written agreement regarding production of the data at issue, and improperly seeks sweeping, unauthorized discovery far beyond the scope of the underlying subpoena. Accordingly, Alto requests that the Court deny the Letter Motion.

### a. The Letter Motion is Procedurally Deficient

With respect to discovery disputes, Your Honor's Individual Practices in Civil Cases ("Ind. Rules") provides:

> Parties shall follow Local Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit an ECF letter-motion to the Court or, if applicable, to the Pro Se Intake Clerk, no longer than 3 single-space pages, explaining the nature of the dispute and

**JacksonLewis**

requesting a conference. Such letter ***must include a representation that the meet-and-confer process occurred and state when it occurred.***

Ind. Rule II(c) (emphasis in original).  Local Rule 37.2 provides:

> Unless the individual practices of the judge presiding over discovery require a different procedure, no motion under Fed. R. Civ. P. 26 through 37 inclusive and Fed. R. Civ. P. 45 will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference and that request has either been denied or the discovery dispute has not been resolved as a consequence of the conference.

Plaintiffs ignore these dispositive requirements in filing the Letter Motion, as they (i) did not meet and confer with Alto regarding the subject matter of the Letter Motion before filing it; (ii) did not (and could not) include a certification attesting to the phantom meet-and-confer in the Letter Motion; and (iii) failed to request an informal conference with the Court before filing the Letter Motion seeking relief and sanctions against Alto.

Plaintiffs' failure to adhere to these requirements is even more remarkable given that *Alto* requested to meet and confer to discuss the very When I Work, Inc. ("WIW") data at issue on Friday, March 13, 2026. Ex. A. Plaintiffs' counsel responded with their availability for the session mere hours *before* filing the Letter Motion. As the correspondence demonstrates, the meet and confer session was scheduled to occur days *after* Plaintiffs filed the Letter Motion. *Id.* Moreover, neither party has even sought to meet and confer regarding Plaintiffs' additional discovery dispute regarding purportedly missing class discovery. Accordingly, the Letter Motion must be denied as procedurally deficient.

### b.  The Letter Motion is Meritless

Plaintiffs' Letter Motion should also be denied because it rests on a demonstrably incorrect premise and seeks relief far beyond what Plaintiffs' subpoena regarding WIW data authorizes. First, contrary to Plaintiffs' assertions, their counsel expressly agreed that Alto would produce the WIW data—a point Alto's counsel reiterated almost a month before Plaintiffs filed the instant application. Exs. B–C. However, WIW is only able to provide raw information relating to its entire nationwide relationship with Alto; it cannot limit it to New York, or to the particular Plaintiffs at issue here.  Ex. B. Consistent with that issue and the parties' subsequent agreement, and in light of WIW's representation that it is unable to limit its global export to only the subpoenaed individuals, Alto intended to narrow the dataset itself to include only those individuals identified in the subpoena (leaving the data otherwise unaltered). The only information that would have been excluded is data relating to individuals who are not listed in the Subpoena, not opt-ins, and not members of the putative class.

Second, the WIW Subpoena expressly seeks only the timekeeping and related data for the 149 opt-in plaintiffs. See Letter Motion, Ex. A at 5 ("We are requesting all timekeeping and related

**JacksonLewis**

data for couriers identified in Attachment A") (emphasis added), and 8–11 (listing each opt-in by name). Despite this clear limitation, Plaintiffs now demand for the first time in their Letter Motion that WIW produce Alto's confidential records—and, more significantly, thousands of lines of time-history and audit-trail data—for additional couriers who are not identified in the WIW Subpoena, are not opt-ins, and are not members of the putative class. These additional couriers worked in locations across the country, including Denver, Las Vegas, Sacramento, San Francisco, San Jose, and Seattle. They are not FLSA opt-in Plaintiffs here, nor covered by the putative New York class.

This expansion beyond the plain text of the subpoena is improper. Plaintiffs' new demand violates Rule 26(b)(1), which confines discovery to information that is both relevant to the claims and proportional to the needs of the case. *See, e.g.*, *Murudumbay v. 29 St. Stone Inc.*, 2025 U.S. Dist. LEXIS 178982, at *1 (S.D.N.Y. Sept. 9, 2025) (courts must deny motions to compel where the "burden or expense of the proposed discovery outweighs its likely benefit"). Plaintiffs identify no legal or factual basis—and none exists—to require Alto or WIW to produce massive quantities of timekeeping or audit-log data for non-party couriers who have no connection to Plaintiffs' claims, the forum, or the putative class, let alone individuals who worked entirely outside New York.

Finally, Plaintiffs' assertion that "[t]he proper mechanism for Alto to protect any legitimate interest it may have had was a timely motion to quash or modify the subpoena under Rule 45(d)(3)" (Letter Motion at 2–3) misconstrues the issue. Alto does not challenge the WIW Subpoena itself, because the scope of the requested data is limited only to opt-ins; Alto has repeatedly agreed that this information should be and will be produced. Rather, the problem is that, under these circumstances, *compliance* with the WIW Subpoena in the manner Plaintiffs propose would necessarily require disclosure of Alto's non-public, confidential business information concerning individuals whose data has no relevance to any claim or defense. In such circumstances, Alto has standing to object to an order compelling disclosure of its confidential information. *Sierra Rutile Ltd. v. Katz,* 1994 U.S. Dist. LEXIS 6188, at *5 (S.D.N.Y. May 11, 1994) (party has standing to challenge non-party subpoena where they have sufficient privacy interest in the confidentiality of the records to be produced); *Chazin v. Lieberman,* 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (finding a party had standing to challenge a subpoena served on non-party financial institutions based on privacy grounds).

Notwithstanding the above, at Alto's suggestion, the parties conferred today and agreed to explore using a third-party vendor to limit the WIW production to only those individuals identified in the subpoena. The parties are continuing to meet and confer on this issue, and Plaintiffs' counsel indicated Alto's proposal should sufficiently address their chain-of-custody concerns. The parties also agreed to continue to confer on any outstanding production of documents by Alto. Accordingly, the Letter Motion is also premature.

# JacksonLewis

### c.  The Status of Discovery

Since the Court's February 20, 2026 Order directing Plaintiffs to produce outstanding interrogatory responses and begin their rolling document production "with alacrity" (Dkt. No. 309), Plaintiffs have (on a single date) produced documents for only 35 of the 149 opt-ins. Those productions consist largely of just a handful of pages or materials already within Alto's possession, custody, or control, such as Form 1099s issued by Alto, independent-contractor agreements, and pay stubs, and they included no description of what the documents were, or the corresponding searches (to say nothing of a form response to the underlying Requests).

Plaintiffs have not produced any additional interrogatory responses. Nor has Alto received any response to the proposed deposition schedule it provided on February 18, 2026.  With this backdrop, Plaintiffs' rush to seek court intervention as to the ongoing dialogue regarding the WIW material is particularly vexatious.

\* \* \*

Based on the foregoing, Alto respectfully requests that the Court deny the Letter Motion in its entirety.

Respectfully submitted,

JACKSON LEWIS, P.C.

/s *Erik Mass*

Erik Mass
Noel P. Tripp

cc:    All counsel of record (*via* ECF)