**T.A. BLACKBURN LAW, PLLC**

1242 East 80th Street, 3rd Floor · Brooklyn, NY 11236

Tel: (347) 342-7432 · Email: tblackburn@tablackburnlaw.com

July 23, 2026

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    **Re:** *Muhammad et al. v. Alto Pharmacy, LLC*, Case No. 1:23-cv-11315-KHP — Plaintiffs'
Response to Defendant's July 23, 2026, Letter (Dkt. 331)

Dear Judge Parker:

    Plaintiffs respectfully submit this letter in response to Defendant Alto Pharmacy LLC's ("Alto") July 23, 2026, letter (Dkt. 331) regarding the status of opt-in party plaintiff depositions. Plaintiffs disagree with Alto's characterization of the record and with each element of the relief Alto seeks. In short: Plaintiffs' counsel has, in good faith, produced one opt-in party plaintiff for deposition, made a second available (whom Alto declined to depose), and offered a slate of additional willing opt-in class members from the same conditionally certified collective — all consistent with the representative-sample framework this Court directed at a prior conference. What Alto now labels "gamesmanship" is Plaintiffs' effort to keep pre-certification discovery moving on the schedule Alto itself proposed, in advance of the August 17, 2026, class-certification deadline.

I.    **Background**

    At a prior conference in this matter, the parties addressed the appropriate scope of opt-in party plaintiff depositions in light of the size of the conditionally certified collective (145 opt-ins), and the Court directed the parties to proceed on a representative-sample basis: up to twenty (20) opt-in party plaintiffs, deposed at up to two (2) opt-in depositions per day and three (3) hours per opt-in. That protocol was adopted precisely to balance Alto's stated need for pre-certification discovery against the burden of individualized discovery in a collective action of this size.

    Consistent with that framework, on June 16, 2026, Alto identified ten (10) opt-in party plaintiffs it wished to depose within the twenty-opt-in sample: Ahhad Ali, Ashley Correa, Marco De La Pena, Elijah Delvalle, Jace Horsford, Kenrick Kaladeen, Mason Kling, Peter Lazzaro, Jahmal Middleton, and Angel Sevilla (the "Noticed Plaintiffs"). Plaintiffs' counsel undertook substantial outreach to each of the ten Noticed Plaintiffs and, as the correspondence Alto attaches confirms, promptly reported the results to Alto:

- **Mr. Horsford** appeared for deposition on July 21, 2026, and was deposed by Alto.
- **Mr. Ali** was confirmed available for deposition on July 22, 2026, at 9:00 a.m. *See* Dkt. 331-2 (July 21, 2026, 6:08 p.m. email confirming Ali). Alto declined to appear, stating

that it could not do so on "less than 24 hours' notice" and asking instead for Ali's availability between July 27 and August 14. Plaintiffs' counsel promptly confirmed that Mr. Ali remains available "in the mornings" and is willing to be produced at Alto's convenience.

- **Balance of the Noticed Plaintiffs.** Plaintiffs' counsel candidly and promptly reported to Alto on July 22, 2026, that Ms. Correa, Mr. Delvalle, Mr. Kling, and Mr. Middleton had been unresponsive to counsel's outreach; Mr. De La Pena "prefers not to participate"; Mr. Kaladeen "confirmed he does NOT want to be part of the law suit"; Mr. Lazzaro's participation was likely declined pending confirmation; and Mr. Sevilla reported he was "not available."

Recognizing that Alto sought ten depositions and that the parties' Court-authorized sample size was twenty, Plaintiffs' counsel simultaneously identified an additional group of opt-in class members who were willing and available to be deposed within Alto's proposed windows, on the same three-hour, two-per-day terms already sanctioned by the Court. Alto declined to depose any of them, taking the position that it would proceed only with the ten opt-ins from its own June 16 list.

The net result is this: Alto has taken one (1) opt-in deposition, declined a second opt-in deposition (Mr. Ali) that Plaintiffs made available on July 22 and remain willing to reschedule at Alto's convenience, and refused all willing substitute deponents within the Court-authorized sample. Alto now asks the Court to strike from this action opt-in party plaintiffs Alto itself identified — while itself having declined to depose the two Noticed opt-in Plaintiffs of which Plaintiffs produced.

II.     **The Requested Relief Is Unwarranted**

A. The Court-directed representative-sample protocol contemplates flexibility within a twenty-opt-in pool, not a rule that Alto's specific slate must appear or be dismissed.

This is an FLSA collective action under 29 U.S.C. § 216(b), not individual litigation. The Court's prior direction — a representative sample of up to twenty opt-ins at up to two depositions per day and three hours each — is squarely consistent with how courts in this District and elsewhere manage opt-in discovery in collective actions of this size. *See Nelson v. Am. Std., Inc.*, 2009 U.S. Dist. LEXIS 113448, at *8–10 (E.D. Tex. Dec. 4, 2009) (limiting written discovery in an FLSA collective action to 91 "Discovery Plaintiffs" — a representative sample drawn from 1,328 opt-ins — and rejecting defendant's demand for individualized written discovery on the entire opt-in class); *Scott v. Chipotle Mexican Grill, Inc.*, 2014 WL 2600034 (S.D.N.Y. June 10, 2014) (Netburn, M.J.) (approving representative sampling as an appropriate method of discovery in an FLSA collective action). That approach exists to protect the "cost-saving and efficiency purposes of the collective action framework," *Nelson*, 2009 U.S. Dist. LEXIS 113448, at *10, and to prevent opt-in discovery from being used as a tool to erode a certified collective one witness at a time.

The Second Circuit has likewise made clear that opt-in participation duties under § 216(b) are not co-extensive with those of Rule 23 class members and that district courts err by importing Rule 23-style participation requirements into the FLSA "similarly situated" analysis. *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 519–20 (2d Cir. 2020) (vacating decertification where the district court "improperly analogiz[ed] the standard for maintaining a collective action under the FLSA to Rule 23 procedure"). Alto's premise here — that each opt-in

on Alto's June 16 list must either appear for deposition or be dismissed — treats § 216(b) opt-ins as though they carried Rule 23-style prosecution duties, which the Second Circuit has rejected.

Alto has never established that the specific ten opt-ins it selected are uniquely representative such that no substitute drawn from the same conditionally certified collective — challenging the same independent-contractor classification, subject to the same policies — could serve Alto's stated pre-certification discovery needs. Nor has Alto explained why it refused to depose Mr. Ali on July 22, 2026, when Plaintiffs offered him, or the willing substitutes within the authorized twenty-opt-in sample. Having proceeded under the Court's representative-sample directive, Alto cannot now convert that framework into a mechanism for striking opt-ins whom Alto itself declined to depose within the authorized sample.

B.  Rule 41(b) dismissal is not warranted on this record.

The authorities Alto cites — *Brown v. Barnes & Noble, Inc.*, 2017 U.S. Dist. LEXIS 177864 (S.D.N.Y. Oct. 25, 2017); *Ruiz v. Citibank, N.A.*, 2014 WL 4635575 (S.D.N.Y. Aug. 19, 2014); and *Gordon v. Kaleida Health*, 2013 WL 2250432 (W.D.N.Y. May 21, 2013) — each involved opt-in plaintiffs who defied specific court orders over lengthy periods after being warned. Here, no court order directs any specific opt-in to appear for deposition, no motion to compel has been filed, no opt-in has been warned by the Court that dismissal is imminent, and the period Alto complains of spans a single deposition cycle in which Plaintiffs actively worked to secure attendance and offered a larger pool of willing witnesses on the terms the Court authorized. Willfulness cannot be inferred from an opt-in's non-response to counsel's outreach when Alto rejected the alternative that would have fully addressed its stated need for pre-certification discovery — namely, deposing willing collective members from the same authorized sample.

Nor is Plaintiffs' counsel's transparency evidence of "gamesmanship." Plaintiffs' counsel candidly and promptly reported the status of each opt-in — including that certain individuals had been unresponsive, and that Mr. Kaladeen had affirmatively declined to participate. That is precisely the disclosure Alto requested, and it is the disclosure that permitted this issue to be teed up for the Court's attention before class certification. Penalizing that disclosure with wholesale Rule 41(b) dismissal would create a perverse incentive against candor in future collective actions.

C.  The real prejudice runs to Plaintiffs and to absent opt-ins.

Alto's proposed schedule — July 30 identifications, ensuing motion practice, and nine depositions between August 6 and August 17 — would consume the entirety of the window in which Plaintiffs must prepare and file their class-certification motion, and would strip opt-in class members of their claims on the basis of a single missed outreach window rather than any adjudicated failure to prosecute. That is particularly inappropriate here where Plaintiffs' counsel has been transparent with Alto and the Court about the status of each opt-in, and where a willing substitute pool within the Court-authorized sample already exists.

III.    **Plaintiffs' Proposed Path Forward**

To resolve this issue efficiently and consistent with the parties' shared interest in moving toward class certification on a workable schedule, Plaintiffs respectfully propose the following framework, which permits pre-certification discovery to proceed on the terms this Court already directed while avoiding the wholesale dismissal of opt-in party plaintiffs on the basis of a single outreach cycle.

Where certain opt-ins from a defendant's chosen slate have not confirmed availability within a discrete pre-certification window, the appropriate course in a collective action of this size is to proceed with willing substitute deponents drawn from the same authorized sample rather than to convert the deposition protocol into a mechanism for dismissal. That approach is consistent with how courts in this District and elsewhere have managed opt-in discovery in FLSA collective actions. *See Nelson v. Am. Std., Inc.*, 2009 U.S. Dist. LEXIS 113448, at *8–10 (E.D. Tex. Dec. 4, 2009) (approving a representative sample of "Discovery Plaintiffs" drawn from a larger opt-in pool and rejecting a defendant's demand for individualized discovery from every opt-in); *see also Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 519–20 (2d Cir. 2020) (rejecting importation of Rule 23-style participation and due-process requirements into the FLSA § 216(b) "similarly situated" analysis, and confirming that opt-in plaintiffs do not carry the same individualized prosecution duties as Rule 23 class representatives). Consistent with those authorities, Plaintiffs respectfully propose:

1. Voluntary dismissal (without prejudice) as to Mr. Kaladeen only. Plaintiffs will file a notice of voluntary dismissal, without prejudice, as to Mr. Kaladeen, who has affirmatively confirmed that he no longer wishes to participate in this action. Plaintiffs do not consent to dismissal of any other opt-in party plaintiff at this stage.

2. Depositions to proceed with willing substitutes within the Court-authorized sample. Depositions to proceed within the August 6–17 window on the terms already sanctioned by the Court — up to twenty opt-in party plaintiffs, at up to two depositions per day and three hours per opt-in — drawing from (a) Mr. Ali, whom Plaintiffs remain willing and able to produce on a morning slot at Alto's convenience, and (b) the willing opt-in class members Plaintiffs previously identified within the authorized twenty-opt-in sample. Alto should not be permitted to insist on a specific slate of deponents while simultaneously declining willing members of the same authorized sample.

3. Corresponding adjustment to the class-certification schedule. To the extent the Court orders additional depositions in the August 6–17 window, Plaintiffs respectfully request a corresponding extension of the August 17, 2026, class-certification deadline, so that Plaintiffs are not required to litigate opt-in depositions and prepare their certification motion simultaneously.

For these reasons, Plaintiffs respectfully request that the Court deny Alto's requested relief and instead adopt the framework set forth above. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 407-2775
tblackburn@tablackburnlaw.com
*Attorney for Plaintiffs*

cc: All counsel of record (via ECF)