# T.A. BLACKBURN LAW, PLLC

1242 East 80th Street, 3rd Floor · Brooklyn, NY 11236
(347) 342-7432 · tblackburn@tablackburnlaw.com

August 12, 2026

VIA ECF
Hon. Katharine H. Parker, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Muhammad et al. v. Alto Pharmacy LLC, No. 1:23-cv-11315 (KHP) — Letter-Motion to Compel Rule 30(e) Certification of Alto's 30(b)(6) Deposition Transcript by August 17, 2026

Dear Judge Parker:

Plaintiffs respectfully request an order directing Defendant Alto Pharmacy LLC to cause its Rule 30(b)(6) designee to review, execute, and return the deposition errata under Federal Rule of Civil Procedure 30(e) on or before August 15, 2026.

The 30(b)(6) deposition of Alto Pharmacy proceeded on August 5 and August 10, 2026. Volume I was delivered by the reporting service on the evening of August 7, 2026, and Volume II was delivered on the afternoon of August 11, 2026. Plaintiffs' deadline to file their motion for class certification is August 17, 2026. The 30(b)(6) testimony is directly material to the numerosity, commonality, typicality, and adequacy showings, and Plaintiffs intend to submit the certified transcript with the motion.

On August 11, 2026, Plaintiffs' co-counsel requested that Alto's designee complete Rule 30(e) review by August 13, 2026, so that the certified transcript could be filed with the class-certification motion. On August 12, 2026, Alto's counsel declined and instead proposed August 31, 2026 — two weeks after Plaintiffs' filing deadline. Alto relies on the default thirty-day period in Rule 30(e)(1)(A).

The read-and-sign right at issue is one Alto itself invoked. The Certificate of Reporter accompanying Volume II of the 30(b)(6) transcript, executed August 11, 2026, by Notary Ahuva Goldberger of the State of Maryland, expressly states: "before completion of the proceedings, review of the transcript [X] was [ ] was not requested." That election was made on the record by Alto's counsel during the August 10, 2026, proceedings, where the videographer confirmed her request for "read and sign" and Ms. Grassotti answered, "Yes." See Vol. II Tr. 404:16-19. Because the August 5 and August 10, 2026, sessions comprise a single continuous deposition under Rule 30(d)(1), see EBC, Inc. v. Clark Bldg. Sys., 618 F.3d 253 (3d Cir. 2010), that request preserved read-and-sign as to the deposition as a whole. Alto is therefore the party invoking Rule 30(e), and good cause exists to align the review period Alto itself triggered with the Court's own class-certification deadline.

Good cause exists here. The certification deadline is fixed by prior order of this Court. Alto's designee had the substance of his testimony personally, has already had Volume I in hand since August 7 and Volume II since August 11, and requires only a review-and-sign step — not substantive preparation. Waiting until August 31 would deprive Plaintiffs of the certified transcript at the single most consequential juncture in the case and would reward Alto for a scheduling posture that operates as a de facto extension of Plaintiffs' Rule 23 deadline. The relief requested is narrow: it does not disturb Alto's substantive right to make Rule 30(e) corrections, and any corrections timely served will be treated in the ordinary course.

1

Plaintiffs therefore respectfully request that the Court enter an order directing Alto's 30(b)(6) designee to complete Rule 30(e) review, execute the errata sheet (if any), and cause the certified transcript to be served on Plaintiffs' counsel on or before August 15, 2026.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

cc:  All Counsel of Record (via ECF)

2