# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Rd., Ste. 250
Melville, New York 11747
Tel 631-247-0404
Fax 631-247-0417
jacksonlewis.com

MY DIRECT DIAL IS: (631) 247-4645
MY EMAIL ADDRESS IS: LAUREN.GRASSOTTI@JACKSONLEWIS.COM

August 13, 2026

**VIA ECF**
Hon. Katharine H. Parker
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:     *Muhammad et al. v. Alto Pharmacy, LLC,*
Case No. 1:23-cv-11315

Dear Judge Parker:

We represent Defendant Alto Pharmacy LLC ("Alto") and write in response to Plaintiffs' August 13, 2026 letter motion (Dkt. 337) (the "Letter Motion") seeking an Order "directing [Alto] to cause its Rule 30(b)(6) designee to review, execute, and return the deposition errata under Federal Rule of Civil Procedure 30(e) on or before August 15, 2026." Plaintiffs' Letter Motion should be denied because it is procedurally defective and the requested relief is inconsistent with Second Circuit authority and the Federal Rules of Civil Procedure.

***Procedural Background.*** Pursuant to Plaintiffs' July 30, 2026 Notice of Deposition and in accordance with Your Honor's ruling during the August 5, 2026 telephonic conference, Alto's Rule 30(b)(6) witness was deposed on August 5, 2026. However, the deposition was not completed before the physical location (which Plaintiffs unilaterally selected) closed for the day, and the parties agreed to continue the deposition remotely on August 10, 2026. Prior to completion, Alto timely requested witness review of the transcript pursuant to Federal Rule of Civil Procedure 30(e). Alto received certified copies of the transcripts for the August 5, 2026 and August 10, 2026 sessions on August 7, 2026 and August 11, 2026, respectively. On August 11, 2026, Plaintiffs' counsel requested that Alto stipulate to shortening the thirty-day review period mandated by Rule 30(e)(1) to just two days (from August 11, 2026 to August 13, 2026), and indicated that absent Alto's agreement, Plaintiffs would seek (unspecified) relief from the Court. On August 12, 2026, Alto declined the proposed stipulation, provided the legal basis for its position, and in the spirit of good faith, proposed as an alternative that Alto's 30(b)(6) witness would complete his review of the deposition transcript by August 31, 2026—more than two weeks before Alto's deadline to submit its opposition to Plaintiffs' forthcoming motion for class certification and more than one month before Plaintiffs' reply deadline.

***Plaintiffs' Letter Motion Is Procedurally and Substantively Defective.*** The Letter Motion violates Rule I.b. of Your Honor's Individual Practices in Civil Cases because it does not request a "discovery conference to address a discovery dispute before formal motion practice,

**JacksonLewis**

adjournment[], extension, pre-motion conference[], sealing, [or] a settlement conference." Nor does it request a pre-motion conference or discovery conference as required by Rules III.b and II.c of Your Honor's Individual Practices. Instead, the Letter Motion improperly seeks direct relief.

Moreover, Plaintiffs fail to cite any supporting authority under the Federal Rules of Civil Procedure or otherwise for their requested relief. Indeed, Plaintiffs' claim that "[t]he relief requested is narrow: it does not disturb Alto's substantive right to make Rule 30(e) corrections, and any corrections timely served will be treated in the ordinary course," (Dkt. 337 p.1) mischaracterizes the nature and import of the relief sought, given that there is no provision under Rule 30(e) for successive rounds of corrections.

*Plaintiffs' Request For Relief is Baseless Because the Unsigned Deposition Transcript is Admissible.* The Letter Motion reflects Plaintiffs' fundamental misapprehension of the Federal Rules of Civil Procedure and binding Second Circuit authority. Rule 30(e) provides that "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(A), (B). As explained in the relevant Advisory Committee notes, "[s]ignature of the deponent will be required only if review is requested and changes are made." Fed. R. Civ. P. 30(e) advisory committee's note to 1993 amendment. "The Second Circuit has held that, even where such a request is made and deposition testimony is amended, the original uncorrected deposition testimony is still admissible at trial." *Cerqua v. Stryker Corp.,* 11 Civ. 9208, 2012 U.S. Dist. LEXIS 162833, at *6 (S.D.N.Y. Nov. 9, 2012) (citing *Podell v. Citicorp Diners Club,* 112 F.3d 98, 103 (2d Cir. 1997)). Accordingly, "the mere fact that [a deposition] transcript has not been signed does not otherwise impugn its evidentiary impact." *Datiz v. Int'l Recovery Assocs.,* CV 15-3549, at *5 (E.D.N.Y. July 24, 2017) (denying motion for an "'Order directing the Plaintiff to comply with the Defendant's request for receipt of the [signed and notarized] deposition transcript'" of Plaintiff's expert witness).

Second Circuit courts routinely hold that Rule 30(e)(1) does not prohibit parties from relying on an unreviewed or unsigned transcript in support of a motion. *See e.g.*, *Cerqua*, 2012 U.S. Dist. LEXIS 162833, at *7 (holding unreviewed deposition transcripts admissible on summary judgment, irrespective of whether witness review was requested, because "under *Podell* the Court could still properly consider the original deposition testimony in resolving the motion"); *Tycoons Worldwide Group (Thailand) Pub. Co., Ltd. v. JBL Supply Inc.*, 721 F. Supp. 2d 194, 200 (S.D.N.Y. 2010) (recognizing that "Rule 30(e)(1) by its terms does not state that the deponent must be given an opportunity to review and correct the transcript *before* a party submits that transcript to the Court in support of a summary judgment motion," and denying defendants' motion to suppress deposition transcript).

**JacksonLewis**

For all of the reasons set forth above, the Letter Motion should be denied.

Respectfully submitted,

JACKSON LEWIS P.C.

s/ *Lauren B. Grassotti*

Noel P. Tripp
Lauren B. Grassotti
Erik Mass

cc:     All counsel of record (*via ECF*)

4904-1948-0775, v. 1