**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

AFIYFAH MUHAMMAD, et al.,

                     Plaintiffs,

          -against-

ALTO PHARMACY LLC, et al.,

                     Defendant.
-----------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:__8/14/2026__ |

**23-CV-11315 (KHP)**

**<u>OPINION & ORDER</u>**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On August 13, 2026, Plaintiffs submitted a letter requesting that the time for Defendant's 30(b)(6) witness to review and sign their deposition testimony pursuant to Federal Rule of Civil Procedure ("Rule") 30(e) be accelerated from the default 30-day period to 4 days because Plaintiff's class certification brief is due on August 17. Plaintiff's motion is DENIED.

To start, this is a problem of Plaintiffs' own making because they did not conduct the Rule 30(b)(6) deposition sufficiently in advance of the deadline for their brief to allow for a review of the deposition transcript.

Second, Rule 30(e) provides

> On request by the deponent or a party before the deposition is completed, the deponent *must* be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed R. Civ. P. 30(e). The language of the rule is mandatory – it does not state nor does any precedent support that the Court has discretion to shorten the time period to less

than 30 days.  *See Rios v. Bigler*, 67 F.3d 1543, 1552 (10th Cir. 1995) (characterizing the 30-day review period as "mandatory" and a "procedural dictate" of Rule 30(e)).

Third, to the extent Plaintiffs are concerned that the deponent will make substantive changes to their answers, those concerns are mitigated by the Second Circuit's rule regarding changes to deposition transcripts made in errata sheets.  Specifically, the Second Circuit has recognized that nothing in Rule 30 limits the type of changes that may be made be a deponent who has timely requested the opportunity to review the transcript and thus does not restrict the type of changes that can but made; but, it also has recognized that "the original answer to the deposition question remains part of the record and can be read at trial."  *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (quoting *Lugtig v. Thomas,* 89 F.R.D. 639, 641 (N.D.Ill. 1981)).  As such, the Second Circuit's approach differs from that of other circuits.  *See Frank v. Costco Wholesale Corp.*, No. 18 Civ. 4532 (DRH) (AKT), 2020 WL 7060142 at *2 (E.D.N.Y. Nov. 30, 2020); *see also In re Weatherford Int'l Sec. Litig.,* No. 11 Civ. 1646 (LAK) (JCF), 2013 WL 4505259 at *4 (S.D.N.Y. Aug. 23, 2013) ("'Courts in the Second Circuit construe Rule 30(e) broadly, permitting any changes to the deposition to be considered as part of the record, even where they contradict the original answers.'") (*quoting Samad Bros., Inc. v. Bokara Rug Co.,* No. 09 Civ. 5843 (JFK) (KNF), 2012 WL 43613 at *8 (S.D.N.Y. Jan. 9, 2012)).  Its rule, nonetheless, adheres to the plain language of Rule 30 and still mitigates the risk of the record being distorted or doctored  by allowing both changes and original answers to be cross-examined as part of the adversarial process.

2

In sum, in the Second Circuit, deponents who make substantive changes to their deposition answers in an errata sheet must proceed with caution because their credibility can be severely undermined if the changes contradict the original answers and the reasons for the changes are inadequate. *See N. Trade U.S. v. Ginness Bass Imp. Co.*, No. 03 Civ. 1892 (CFD) (TPS), 2006 WL 2263885, at *2 (D.Conn. Aug. 7, 2006) ("[T]he deponent may be cross-examined and impeached by any inconsistencies in [her] testimony.... [T]he finder of fact may make a determination as to the credibility of the deponent, thus reducing the risk that the record can be manipulated.... For this reason, there will be no prejudice to the defendant if [plaintiff]'s changes are not stricken from the record.") (citations omitted); *Thompson v. Workmen's Circle Multicare Ctr.,* No. 11 Civ. 6885(DAB) (HBP), 2015 WL 4591907, at *6 (S.D.N.Y. June 9, 2015) ("Thus, defendant remains free to submit plaintiff's original deposition testimony into evidence; however, whether the deposition transcript or the errata sheets are controlling will be an issue for the fact finder and is not a basis for striking plaintiff's errata sheets.").

For all these reasons, and separately because Plaintiffs have failed to comply with Rule III.b. of this Court's Individual practices in Civil Cases by virtue of its failure to request a pre-motion conference ahead of their filing, Plaintiffs' motion at ECF No. 337 is DENIED.

**SO ORDERED.**

DATED:    New York, New York
            August 14, 2026

KATHARINE H. PARKER
United States Magistrate Judge

3