# EXHIBIT A

**From:** Grassotti, Lauren B. (Long Island)
**Sent:** Thursday, April 30, 2026 9:56 PM
**To:** Tyrone Blackburn
**Cc:** Rodney S. Diggs; Kevin Mahoney; Beyonca Alem; Mass, Erik (NYC); Tripp, Noel P. (Long Island)
**Subject:** Muhammad et al. v. Alto Pharmacy LLC
**Attachments:** 2026.04.30 Ltr..pdf

Hi Tryone. Please let me know your availability to meet and confer tomorrow regarding the discovery items that we discussed yesterday ahead of the conference before Judge Parker.

Please also see the attached correspondence. I am happy to discuss any of these issues during our call as well.

**Lauren B. Grassotti**
Attorney at Law

**Jackson Lewis P.C.**
58 South Service Road
Suite 250
Melville, NY 11747
Direct: (631) 247-4645 | Main: (631) 247-0404
Lauren.Grassotti@jacksonlewis.com | www.jacksonlewis.com

JacksonLewis

**Jackson Lewis P.C.**
58 South Service Rd., Ste. 250
Melville, New York 11747
Tel 631-247-0404
Fax 631-247-0417
jacksonlewis.com

MY DIRECT DIAL IS: (631) 247-4645
MY EMAIL ADDRESS IS: LAUREN.GRASSOTTI@JACKSONLEWIS.COM

April 30, 2026

**VIA EMAIL**

Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
**tblackburn@tablackburnlaw.com**

Re: *Muhammad et al. v. Alto Pharmacy, LLC*, Case No. 1:23-cv-11315

Dear Tyrone:

We write to regarding Plaintiff's Notice of Deposition of Michael S. DiNicola dated April 7, 2026 (the "Deposition Notice") and accompanying Subpoena Ad Testificandum and Duces Tecum to Michael S. DiNicola ("Deposition and Document Subpoena"), and Subpoena Duces Tecum to Michael S. DiNicola dated April 8, 2026 ("Subpoena Duces Tecum"), which you indicated were served on April 10, 2026. As detailed below, the Deposition Notice, Deposition and Document Subpoena and Subpoena Duces Tecum are invalid and must be withdrawn.

***The witness is not subject to deposition by notice***. As you know, Mr. DiNicola is not a party to this litigation. As reflected in Alto's August 29, 2024 Response to Plaintiffs' First of Interrogatories, Interrogatory No. 2, Mr. DiNicola is a former Delivery Area Supervisor, and is not a current Alto employee. Accordingly, he "does not qualify as an officer, director, or managing agent" of Alto and "is not subject to deposition by notice." *U.S. v. Afram Lines, Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994); *see Saliga v. Chemtura Corp.*, Case No. 3:12cv832, 2014 U.S. Dist. LEXIS 61110, at **3-4 (D. Conn. May 2, 2014) (denying motion to compel deposition of defendant's former employee because the witness was "not a managing agent of the defendant who [was] subject to deposition by notice"); *Boss Mfg. Co. v. Hugo Boss AG*, 97 Civ. 8495, 1999 U.S. Dist. LEXIS 133, at *6 (S.D.N.Y. Jan. 13, 1999) ("As a general matter, a corporation cannot be required to produce a former officer or agent for deposition since it does not have control over him."). Mr. DiNicola, thus, "is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure." *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 U.S. Dist. LEXIS 9794, at *6 (S.D.N.Y. May 28, 2002).

***The Deposition and Document Subpoena is Invalid.*** The Deposition and Document Subpoena is not a valid subpoena under Rule 45 of the Federal Rules of Civil Procedure. The purported subpoena (i) does not "set out the text of Rule 45(d) and (e)," Fed. R. Civ. P. 45(a)(1)(A)(iv), (ii) improperly states the title of the action to include the phrase "*Collectively and on behalf of others similarly situated in the proposed FLSA and NYLL Collective Action*." Fed. R. Civ. P. 45(a)(1)(A)(ii), and (iii) does not indicate which party the issuing attorney represents.

Separately, the Deposition and Document Subpoena is invalid to the extent a witness fee was not provided with service. *See e.g., Angelo, Gordon & Co, L.P. v. MTE Holdings, LLC,* 20 Misc. 23, 2020 U.S. Dist. LEXIS 145596, at *6 (S.D.N.Y. Aug. 13, 2020).

***The Subpoena Duces Tecum is invalid***. The Subpoena Duces Tecum is similarly invalid. Like the Document and Deposition Subpoena, the Subpoena Duces Tecum (i) does not "set out the text of Rule 45(d) and (e)," Fed. R. Civ. P. 45(a)(1)(A)(iv), (ii) improperly states the title of the action to include the phrase "*Collectively and on behalf of others similarly situated in the proposed FLSA and NYLL Collective Action*." Fed. R. Civ. P. 45(a)(1)(A)(ii), and (iii) does not indicate which party the issuing attorney represents.

In addition, the Subpoena Duces Tecum is (iii) improperly addressed to Michael S. DiNicola "AND TO: all persons having custody, control, or possession of the documents and things described below," and (iv) misstates the witness's rights with respect to filing a motion to quash or modify. Specifically, notwithstanding that Rule 45 contains no such deadline and that a motion to quash or modify pursuant to Rule 45(d)(3)(A) is not the exclusive method for objecting to a subpoena (*see* Fed. R. Civ. P. 45(d)(2)(B), (d)(3)(B)), the Subpoena Duces Tecum erroneously instructs "[i]f you believe you cannot comply with this subpoena in whole or in part, or if you wish to object to any portion, you MUST FILE A MOTION TO QUASH OR MODIFY within 14 days of service pursuant to Fed. R. Civ. P. 45(d)(3)(A)."

***Plaintiffs improperly seek Alto confidential documents from a former employee***. Both the Deposition and Document Subpoena and the Subpoena Duces Tecum improperly seek the production of Alto confidential/proprietary documents from witness who is no longer employed by, associated with, or authorized to testify on behalf of Alto. For example, the Deposition and Document Subpoena and Subpoena Duces Tecum:

- Improperly define "You" and "your" as "Michael S. DiNicola individually and in his capacity as an Alto Pharmacy supervisor, manager or agent."
- Purport to require witness to "[p]roduce documents as kept in the ordinary course of business. . .";
- Request documents concerning Alto's policies ("Courier timekeeping, time tracking, clock-in/clock-out procedures, hours worked, shift scheduling, or payroll"; "Instructions, policies, procedures, or training materials regarding editing, adjusting, or correcting courier time records"; "When I Work, ADP, Slack, or any other platform, software, application, or system used to schedule, track, monitor, communicate with, or pay New Yor couriers; "Alto's control over courier work hours, schedules, routes, methods or procedures"; "Courier training, onboarding, orientation, policies, handbooks, or work rules"; "Payroll processing, wage statements, or pay stubs for couriers"; "Courier pay rates, hourly rates, compensation structures, bonuses, or incentives");
- Request Alto proprietary/confidential information ("Route assignments, delivery schedules, shift requirements, mandatory return-to-location requirements, or delivery quotas"; "All phone numbers, email addresses, messaging handles,

usernames, Slack accounts, WhatsApp accounts, social media accounts, or other electronic accounts you used for Alto-related business during the Relevant Period"; "Every computer, tablet, smartphone, or other device you used to access Alto systems or communicate about Alto business during the relevant time period, including: Work-issued devices . . . When I Work login credentials or user ID. ADP login credentials or user ID, Slack user ID [] Any other Alto system access credentials"); and

- Request potentially privileged documents ("Courier classification as employees or independent contractors"; "Minimum wage compliance or wage payment practices"; "This lawsuit, including any discussion of plaintiffs' allegations, defenses, discovery, or litigation strategy"; "Any other lawsuits, complaints, administrative charges, or government investigations concerning courier classification, wage-and-hour practices, or tip retention"; "All preservation notices, litigation hold notices, document retention policies, document destruction policies, or instructions concerning documents or electronically stored information relating to New York couriers or the claims in this action").

Moreover, pursuant to the confidentiality agreement signed by Mr. DiNicola in connection with his former employment, he is under a continuing confidentiality obligation and was required to return and/or destroy all Alto confidential information after his employment ended.

Accordingly, please withdraw the Deposition Notice, Deposition and Document Subpoena and Subpoena Duces Tecum and/or let us know if you would like to meet and confer about any of these issues. .

JACKSON LEWIS P.C.

s/ *Lauren B. Grassotti*

Lauren B. Grassotti

cc: Kevin Mahoney, Esq. (kmahoney@mahoney-law.net)
Beyonca Alem, Esq. (balem@mahoney-law.net)
Rodney S. Diggs, Esq. (RDiggs@imwlaw.com)
Noel P. Tripp, Esq. (noel.tripp@jacksonlewis.com)
Erik Mass, Esq. (erik.mass@jacksonlewis.com)