JacksonLewis

**Jackson Lewis P.C.**
58 South Service Rd., Ste. 250
Melville, New York 11747
Tel 631-247-0404
Fax 631-247-0417
jacksonlewis.com

MY DIRECT DIAL IS: (631) 247-4645
MY EMAIL ADDRESS IS: LAUREN.GRASSOTTI@JACKSONLEWIS.COM

August 28, 2026

**VIA ECF**
Hon. Katharine H. Parker
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Muhammad et al. v. Alto Pharmacy, LLC,*
Case No. 1:23-cv-11315

Dear Judge Parker:

We write on behalf of Defendant Alto Pharmacy LLC ("Alto") pursuant to Rule I.c. of Your Honor's Individual Practices to request an extension of Alto's deadline to submit its opposition to Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23 (Dkt. 341) (the "Rule 23 Motion"), from September 17, 2026 to October 8, 2026. The briefing schedule for Plaintiffs' Rule 23 Motion has been extended four times, each at Plaintiffs' request. (*See* Dkt. 330). On July 24, 2026, the Court denied Plaintiffs' fifth extension request. (Dkt. 333). Plaintiffs do not consent to this request.

The reason for this request is to allow Alto time to complete four opt-in party plaintiff depositions, in accordance with the Court's July 24, 2026 Order (the "July 24 Order"), which directed the parties to "meet and confer in good faith to complete depositions [of the nine remaining opt-in plaintiffs selected by Alto] before the motion for class certification." (Dkt. 333 p.2). Pursuant to the July 24 Order, Alto has (i) completed five opt-in party plaintiff depositions between August 11, 2026 and August 20, 2026,[1] (ii) agreed to adjourn one opt-in party plaintiff deposition conducted (but not completed) on August 25, 2026,[2] (iii) involuntarily adjourned one opt-in party plaintiff deposition conducted (but not completed) on August 27, 2026,[3] and (iv) unsuccessfully – because the proposed deponents were either unresponsive, or unwilling to appear

[1] Specifically, Alto deposed opt-in party plaintiffs Ahad Ali on August 11, 2026, Gianni Luke on August 12, 2026, Deon Smith on August 14, 2026, Michael Rojas on August 13, 2026, and Juston Hall on August 20, 2026.

[2] Alto deposed opt-in party plaintiff Daniel Tapia, remotely, on August 25, 2026 but agreed to adjourn to a later date after Mr. Tapia began experiencing internet connectivity issues during the deposition.

[3] Alto deposed Jayson Vasquez, remotely, on August 27, 2026 from approximately 10:00 a.m. to 10:54 a.m., but was unable to continue after Mr. Vasquez, without advance notice, refused to continue past 11:00 a.m. and unilaterally ended the deposition. Prior to 10:54 a.m. on August 27, 2026, neither Mr. Vasquez nor his counsel informed Alto of Mr. Vasquez's limited availability, and at no time prior to or after the start of the deposition did Plaintiffs' counsel attempt to reschedule to accommodate Mr. Vasquez's work schedule.

for a deposition – attempted to schedule depositions of thirteen additional opt-in party plaintiffs.[4]

To date, Alto has only been able to depose seven (and of those, only five were completed) of the twenty opt-in party plaintiffs that it selected and attempted to schedule for deposition between August 5, 2026 and August 19, 2026. Given the difficulty Alto has had in identifying opt-in party plaintiffs willing to appear for a deposition, and then scheduling and completing those depositions, and that this significantly prejudices Alto's ability to defend against class certification, Alto respectfully requests that the Court extend Alto's deadline to submit its opposition to Plaintiffs' Rule 23 Motion from September 17, 2026 to October 8, 2026.

In addition, Alto respectfully requests leave to file a brief in excess of 8,750 words and not to exceed 12,500 words in opposition to the Rule 23 Motion. This additional length is necessary to adequately address the merits of Plaintiffs' Rule 23 Motion, which includes over fifty opt-in party plaintiff declarations, as well as *Daubert* analysis regarding the declaration of Plaintiffs' expert, James R. Toney, submitted in support of the Motion. (Dkt. 344-1).

Respectfully submitted,

JACKSON LEWIS P.C.

s/ *Lauren B. Grassotti*

Noel P. Tripp
Lauren B. Grassotti
Erik Mass

cc: All counsel of record (*via ECF*)

4935-0423-7516, v. 1

[4] Specifically, between August 5, 2026 and August 19, 2026, Alto unsuccessfully attempted to schedule depositions of Marquis Burkes, Nicholas Campion, Tamra Cockerl, Faith Hackshaw-Berrios, Wellington Hernandez, Steven Marshall, Chase Nelson, Jean Carlos Polo, Stasio Ramirez, Avita Singh, Michael Valenti, Ericka Williams, and Cleveland Wright. Consistent with its July 23, 2026 letter to the Court (Dkt. 331), Alto's position remains that opt-in plaintiffs who are unresponsive to deposition requests or unwilling to participate in discovery are subject to dismissal. *See Brown v. Barnes & Noble, Inc.*, 1:16-cv-073333, 2017 U.S. Dist. LEXIS 177864, at *3 (S.D.N.Y. Oct. 25, 2017) (KHP) (recommending dismissal "for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)" of an opt-in plaintiff who failed to participate in discovery and comply with the court's directives); *Ruiz v. Citibank, N.A.*, 10 Civ. 5950, 2014 U.S. Dist. LEXIS 116111, at *3 (S.D.N.Y. Aug. 19, 2014) (dismissing opt-in plaintiffs' FLSA claims for failure to comply with discovery obligations).