USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

AFIYFAH MUHAMMAD, et al.,

Plaintiffs,

-against-

ALTO PHARMACY LLC, et al.,

Defendant.

---------------------------------------------------------------X

**23-CV-11315 (KHP)**

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On September 14, 2026, the parties appeared before the undersigned for a Case Management Conference. As set forth in greater detail on the record:

By one week from the date of this Order, the parties are directed to file a proposed protective order in line with the Court's Model Order which can be found here: https://nysd.uscourts.gov/sites/default/files/practice_documents/KHP%20Parker%20Model%20Protective%20Order%20-New%20%206-1-26.pdf

With respect to Plaintiffs' motion to compel and for sanctions at ECF No. 335, the motion is GRANTED in part as to its request that the Court order production of Slack records and DENIED in part to the extent it requests other sanctions.

Defendant shall produce, by **October 5, 2026**, Slack communications from the relevant period in the Slack channel identified on the record on which Plaintiffs and Opt-in Plaintiffs communicated with dispatchers and others. Communications involving New York-based drivers and their dispatchers and others named on the record at today's conference concerning wages and hours, overtime, adjustments to hours, or complaints by drivers concerning their hours and pay should be produced.

Insofar as Defendant has agreed to produce Slack records and the parties failed to properly meet and confer before bringing the present dispute to the Court, the Court finds that the sanctions Plaintiffs seek, including an adverse inference instruction and attorneys' fees, is inappropriate. *See Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 296 (S.D.N.Y. 2024) (concluding that an adverse inference instruction was unwarranted where the documents had ultimately been produced and there was no indication of prejudice apart from the untimeliness of the production); *New Orleans Reg'l Physician Hosp. Org., Inc. v. United States*, 122 Fed. Cl. 807, 820 (2015) (granting in part a motion to compel but denying a request for attorneys' fees as premature, while reserving the right to revisit the issue after compliance could be assessed).

With respect to depositions sought by Plaintiffs, Defendant shall determine whether Stout, Adams-Flowers, and Wade remain employed by Alto and shall advise Plaintiffs of its findings by **September 21, 2026**. If any of those individuals are no longer employed by Alto, Defendant shall provide Plaintiffs with that individual's last known address by the same date. If defense counsel intends to represent any of these individuals, counsel is directed to contact them and is encouraged to accept service of any subpoenas on their behalf. Counsel for both sides shall proceed with alacrity to schedule the depositions at mutually agreeable times and in private locations. The parties are advised that each deponent is expected to remain for the duration of the deposition, subject to the limits imposed by the Federal Rules of Civil Procedure, except that the depositions of designated Opt-In Plaintiffs shall each be limited to 2.5 hours duration. *See* Fed. R. Civ. P. 30(d); *see generally Bourgeois v. El Paso Nat. Gas Co.*, 20

F.R.D. 358 (S.D.N.Y. 1957) (dismissing complaint with prejudice after a deponent refused to comply with a court-ordered deposition).

By **September 18, 2026**, Plaintiffs shall provide Defendant with the names of Opt-in Plaintiffs who have participated, or are currently participating, in discovery and who are available to be deposed. By **October 5, 2026**, Plaintiffs shall provide Defendant with the names of Opt-in Plaintiffs who have been unresponsive or otherwise have not participated in discovery.

Plaintiffs shall make a settlement demand by **September 23, 2026**. Defendant shall make a counteroffer in advance of the parties' conference before Judge Wang on **October 6, 2026**. The parties are strongly urged to have a robust settlement dialogue in advance of their settlement conference with Judge Wang so they can make the most of the time with Judge Wang.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 335.**

**SO ORDERED.**

DATED: New York, New York
September 14, 2026

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge