**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2026

Afiyfah Muhammad,
Darwin Wilson, and
Dominique Skinner,
*Collectively and on behalf of others similarly situated in the proposed FLSA and NYLL Collective Action,*

Plaintiffs,

-against-

Alto Pharmacy LLC,
JOHN DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), JANE DOES 1-10 (names being fictitious and used to connote an unidentified person responsible for this occurrence), ABC CORPORATIONS 1-1O (names being fictitious and used to connote unidentified entities responsible for this occurrence),

Defendants.

Case No.: 23-cv-11315

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective

Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Restrictions on Use of Artificial Intelligence ("AI") to process Confidential or Highly Confidential Information: Absent notice to and written permission from the producing party, any person or entity authorized to have access to Confidential Information under the terms of this Order shall not (a) use or employ any "open system" AI application, service, or analytical software that will transfer, transmit, send, or allow

unauthorized persons access to Confidential Information of Highly Confidential Information, in whole or in part, including metadata, or (2) permit any Confidential Information of Highly Confidential Information to be used to train any publicly accessible artificial intelligence tool. The parties may utilize private "closed system" AI tools, subject to all other Federal Rules of Civil Procedure, attorney ethical obligations, and the law.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. Notwithstanding Paragraph 6 or any other provision of this Order, no Party shall be deemed to have violated this Order by filing on the docket of this action, before September 25, 2026, any document, testimony, or information produced in discovery ("Discovery Material"). Discovery Material, or any portion of it (excluding confidential PHI, such as SSN), that was filed on the public docket before September 25, 2026, not under seal and without redaction ("Previously Filed Material"), shall not be subject to designation as Confidential Information or to the restrictions of this Order. This Paragraph applies only to the pages or portions actually filed publicly. Any other portion of the same document, and any Discovery Material filed under seal or in redacted form, remains subject to designation and to this Order. A Party invoking this Paragraph in any dispute under this Order shall identify the ECF number, filing date, and Bates range (or deposition page and line) of the Previously Filed Material, which shall be sufficient to establish that the disputed material falls within this Paragraph. Nothing in this Paragraph limits any Party's right to move to seal or redact Previously Filed Material.

SO STIPULATED AND AGREED.

**T.A. BLACKBURN LAW, PLLC**
**MAHONEY LAW GROUP, APC**
*Attorneys for Plaintiffs*

By:____________________
Tyrone A. Blackburn, Esq.
1242 East 80th Street, 3rd Fl.
Brooklyn, NY 11236
tblackburn@tablackburnlaw.com
Kevin Mahoney, Esq.
249 E. Ocean Boulevard | Suite 814
Long Beach, California 90802
kmahoney@mahoney-law.net

Dated: 09/25/2026

**JACKSON LEWIS P.C.**
*Attorneys for Defendant*

By: *s/ Noel P. Tripp*
Noel P. Tripp, Esq.
Elyse L. Patterson, Esq.
58 South Service Road, Ste. 250
Melville, New York 11747
Noel.tripp@jacksonlewis.com
Elyse.patterson@jacksonlewis.com

SO ORDERED.

____________________
KATHARINE H. PARKER, U.S.M.J. 9/29/2026

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:______________________

______________________________
Signed in the presence of:

______________________________
(Attorney)