**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

AFIYFAH MUHAMMAD, DARWIN WILSON, and DOMINIQUE SKINNER, collectively, and on behalf of all others similarly situated,

Plaintiffs,

-against-

ALTO PHARMACY, LLC, JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10,

Defendants.

---------------------------------------------------------------------X

Civ. No.: 23-cv-11315 (KHP)

**DECLARATION OF NOEL P. TRIPP IN SUPPORT OF DEFENDANT ALTO PHARMACY, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION**

I, Noel P. Tripp, an attorney duly admitted to practice before this Court, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am a Principal at Jackson Lewis P.C., counsel for Defendant Alto Pharmacy, LLC ("Alto" or "Defendant") in this action. I make this Declaration in support of Defendant's Opposition to Plaintiffs' Motion for Rule 23 Class Certification.

2. A true and correct copy of the Named Plaintiffs' WIW Data, which was produced to Plaintiffs as DEF000001-DEF000016 is attached as **Exhibit A**.

3. In the parties' joint status letter dated July 1, 2026 Plaintiffs' counsel represented: "Plaintiffs have received production of OnFleet data in response to their May 15, 2026 document subpoena and anticipate providing Alto with a copy of the produced data set). A true and correct copy of the joint status letter (Dkt. 327) is attached as **Exhibit B**. Plaintiffs did not produce this material.

4. A true and correct copy of Defendant's "When I Work" data for 132 couriers, was produced as "DEF0002328 (replacement)," which is referred to as **Exhibit C**; a native copy of the excel production shall be transmitted to the Court via email by copy to counsel for Plaintiffs.

5. I have personal knowledge that the following steps were taken to prepare Defendant's analysis and summary of Alto's "When I Work" (WIW) and OnFleet data.

**Additional Summaries of Alto's When I Work and OnFleet Data:**
**"Summary Analysis Chart"**

6. The first tab of the Summary Analysis Chart, tab 1 of which is labeled **Exhibit D,** which sets forth a true and correct copy into excel of Exhibit A (the true and correct copy of the produced WIW records for the Named Plaintiffs, Afiyfah Muhammad, Darwin Wilson, and Dominique Skinner), along with a conversion of those times from Greenwich Mean Time to Eastern Standard Time (rows N and O to Ex. D, respectively), and a tabulation of the hours each recorded in WIW per shift, and week. *See* Ex. D (rows P, Q, and R, respectively).

7. The weekly WIW record matches the compensation statements provided to Plaintiffs. For example, for the week ending February 26, 2023, Plaintiff Muhammad recorded 26.95 hours, which corresponds to $579.43 (26.95 times $21.50) in owed compensation; the statement for that week reflects payment of that amount. **Ex. AA** (DEF0000293). For the same week, Plaintiff Skinner recorded 20.68 hours, corresponding to $444.62 (20.68 times $21.50) in owed compensation, and the payment record for that week also matches. **Ex. BB** (DEF0000271).

8. Exhibit D reflects that the start time each Named Plaintiff recorded (Column N) varied widely, and was almost never on the hour or half-hour. Ex. D at Col N.

9. This report also reflects that the Named Plaintiffs did not provide services on any "regular schedule" and that the number of days per week each elected to provide services varied, as follows:

| Plaintiff | Weekly Shifts | Instances |
|---|---|---|
| Muhammad | 11 | 2 |
| Muhammad | 10 | 2 |
| Muhammad | 9 | 5 |
| Muhammad | 8 | 7 |
| Muhammad | 7 | 6 |
| Muhammad | 6 | 1 |
| Muhammad | 5 | 5 |
| Muhammad | 4 | 3 |
| Muhammad | 3 | 2 |
| Muhammad | 1 | 1 |
| **Plaintiff** | **Weekly Shifts** | **Instances** |
| Skinner | 12 | 4 |
| Skinner | 11 | 2 |
| Skinner | 10 | 3 |
| Skinner | 8 | 9 |
| Skinner | 7 | 5 |
| Skinner | 6 | 4 |
| Skinner | 5 | 4 |
| Skinner | 4 | 5 |
| Skinner | 3 | 4 |
| Skinner | 2 | 3 |
| Skinner | 1 | 3 |
| **Plaintiff** | **Weekly Shifts** | **Instances** |
| Wilson | 10 | 2 |
| Wilson | 9 | 7 |
| Wilson | 8 | 4 |
| Wilson | 7 | 7 |
| Wilson | 6 | 16 |
| Wilson | 5 | 11 |
| Wilson | 4 | 8 |
| Wilson | 3 | 5 |
| Wilson | 2 | 1 |
| Wilson | 1 | 2 |

10. Exhibit D reflects 143 weeks in which the Named Plaintiffs provided services (Ex. D, Col. Q); the raw WIW activity exceeds 40 recorded hours in 21 of these (none by Plaintiff Skinner).

11. Exhibit D reflects that, for substantially every day, the Named Plaintiffs recorded WIW activity with an interval between beginning and end well below ten hours (Ex. D, Col. P).

12. The second tab of the Summary Analysis Chart is labeled "**Exhibit E**" which sets forth a true and correct copy in excel of the WIW records Defendant produced for the opt-ins (Exhibit C, DEF0002328), in columns A through H, along with a conversion of those times from Greenwich Mean Time to Eastern Standard Time (in columns L and M, respectively), and a tabulation of the hours each recorded in WIW per shift, and week. (Ex. E, columns M and N, respectively).

13. As with the Named Plaintiffs, Exhibit E reflects that the start time each Plaintiff recorded (Column L) varied widely, and was almost never on the hour or half-hour. Ex. E at Col L.

14. As with the Named Plaintiffs, the weekly WIW record matches the compensation records provided to Plaintiffs, as they testified. For example, for the week of October 24–30, 2022, Opt-in Plaintiff Rojas's eleven WIW entries total 36.61 hours (Ex. E, column G); 36.61 × $21.50 = $787.12; Alto's ADP register shows regular earnings of $787.12 paid to him on November 4, 2022 which was produced as DEF0002594 which reflects the corresponding line in ADP).

15. Exhibit E reflects 3,577 weeks in which the Opt-in Plaintiffs provided services (Ex. E, Col. AB); the raw WIW activity exceeds 40 recorded hours in 52 of these (by only 81% of the 132 opt-ins reflected therein) (Ex. E, Col. Z).

16. Exhibit E reflects 13,266 courier-days on which a courier recorded service (removing rows relating to the guaranteed payment and one row - 16417 for courier Peter Lazzaro). Of these, 10,750 reflect a single start and stop time (81%).

17. Further, a statistician employed by Jackson Lewis P.C. prepared a summary under my supervision which compared the WIW reported service times for the Opt-in Plaintiffs from DEF0002328 who submitted declarations in connection with Plaintiffs' motion for class certification with the record of their first and last activity in the OnFleet system. This analysis confirms that WIW start time was almost always reported prior to first OnFleet activity, and, on average, those couriers recorded the start of services 33 minutes before their first OnFleet activity.

18. This analysis also confirmed that for the Named Plaintiffs, the reported start of services was almost always before (typically long before) the first OnFleet activity:

| **Named Plaintiff** | **Data period** | **Days with OnFleet + time records** | **Avg. minutes first OnFleet task AFTER punch-in** |
|---|---|---|---|
| Afiyfah Muhammad | 9/19/2022 – 7/16/2024 | 366 | 52 |
| Darwin Wilson | 1/17/2022 – 7/29/2023 | 344 | 22 |
| Dominique Skinner | 4/5/2022 – 3/1/2023 | 195 | 21 |

19. As such, for the many Opt-in Plaintiff declarants who conclusorily alleged pre-shift "work" in their declarations, those couriers reported start times on average 33 minutes before logging OnFleet activity.

20. Attached hereto as **Exhibit F** are true and correct copies of the Independent Contractor Agreements executed by couriers whose deposition testimony is cited in Defendant's Opposition and for the Named Plaintiffs. Ahhad Ali (DEF0000399–DEF0000404); Juston Hall

(DEF0000869–DEF0000874); Jace Horsford (DEF0000941–DEF0000946); Gianni Luke (DEF0001220–DEF0001225); Michael Rojas (DEF0001802–DEF0001807); Deon Smith (DEF0001973–DEF0001978); Daniel Tapia (DEF0002018–DEF0002023); and Jayson Vasquez (DEF0002105–DEF0002110).

21. Attached hereto as **Exhibit G** is a true and correct copy of the relevant excerpts of the transcript of Volume I of the August 5, 2026 Rule 30(b)(6) deposition of Alto Pharmacy, LLC, through its designee Joshua William Howard ("Howard Dep. Vol. I").

22. Attached hereto as **Exhibit H** is a true and correct copy of the relevant excerpts of the transcript of Volume II of the August 10, 2026 Rule 30(b)(6) deposition of Alto Pharmacy, LLC, through its designee Joshua William Howard ("Howard Dep. Vol. II").

23. Attached hereto as **Exhibit I** is a true and correct copy of the relevant excerpts of the transcript of the May 8, 2026 deposition of Michael S. DiNicola ("DiNicola Dep.").

24. Attached hereto as **Exhibit J** is a true and correct copy of the relevant excerpts of the transcript of the April 27, 2026 deposition of Named Plaintiff Afiyfah Muhammad ("Muhammad Dep.").

25. Attached hereto as **Exhibit K** is a true and correct copy of the relevant excerpts of the transcript of the April 28, 2026 deposition of Named Plaintiff Dominique Skinner ("Skinner Dep.").

26. Attached hereto as **Exhibit L** is a true and correct copy of the relevant excerpts of the transcript of the July 29, 2026 deposition of Named Plaintiff Darwin Wilson ("Wilson Dep.").

27. Attached hereto as **Exhibit M** is a true and correct copy of the relevant excerpts of the transcript of the July 21, 2026 deposition of opt-in plaintiff Jace Horsford ("Horsford Dep.").

28. Attached hereto as **Exhibit N** is a true and correct copy of the relevant excerpts of the transcript of the August 11, 2026 deposition of opt-in plaintiff Ahhad Ali ("Ali Dep.").

29. Attached hereto as **Exhibit O** is a true and correct copy of the relevant excerpts of the transcript of the August 12, 2026 deposition of opt-in plaintiff Gianni Luke ("Luke Dep.").

30. Attached hereto as **Exhibit P** is a true and correct copy of the relevant excerpts of the transcript of the August 14, 2026 deposition of opt-in plaintiff Deon Smith ("Smith Dep.").

31. Attached hereto as **Exhibit Q** is a true and correct copy of the relevant excerpts of the transcript of the August 20, 2026 deposition of opt-in plaintiff Juston Hall ("Hall Dep.").

32. Attached hereto as **Exhibit R** is a true and correct copy of the relevant excerpts of the transcript of the August 25, 2026 deposition of opt-in plaintiff Daniel Tapia ("Tapia Dep.").

33. Attached hereto as **Exhibit S** is a true and correct copy of the relevant excerpts of the transcript of the August 27, 2026 deposition of opt-in plaintiff Jayson Vasquez ("Vasquez Dep.").

34. Attached hereto as **Exhibit T** is a true and correct copy of the relevant excerpts of the transcript of the August 13, 2026 deposition of opt-in Michael Rojas ("Rojas Dep.").

35. Attached hereto as **Exhibit U** is a true and correct copy of Defendant's renewed request to Plaintiffs' counsel for the records of Opt-in Plaintiff Jace Horsford, dated September 18, 2026.

36. Attached hereto as **Exhibit V** is a true and correct copy of the publicly available LinkedIn profile of Jace Horsford, last accessed on October 23, 2026.

37. Attached hereto as **Exhibit W** is a true and correct copy of documents provided to couriers describing Alto's business, its address, and the manner of courier compensation, produced as DEF0002627-28 (Courier First Day Guide).

38. Attached hereto as **Exhibit X** is a true and correct copy of Alto's guidance to couriers regarding clock-in in When I Work, produced as DEF0000030, DEF0002601-04, and DEF00000019.

39. Attached hereto as **Exhibit Y** are true and correct copies of the Slack messages cited in Defendant's Opposition, produced as DEF002637, DEF002643, DEF002712, DEF002799–DEF002800, DEF002908, DEF002957, and DEF002984 and DEF0002627–DEF0002628.

40. Attached hereto as **Exhibit Z** is a true and correct copy of New York State Department of Labor Opinion Letter RO-06-0027.

Dated: Melville, New York
October 28, 2026

*Noel P. Tripp*

Noel P. Tripp
JACKSON LEWIS P.C.
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404
noel.tripp@jacksonlewis.com